**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 03:59 PM January 29, 2013**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ELVIRA PICKETT ROSS, | ) | CASE NO. 12-61738 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6117 |
| _____ | ) | |
| UNITED STATES TRUSTEE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ELVIRA PICKETT ROSS, | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| Defendant. | ) | |

This adversary proceeding arises in the chapter 7 bankruptcy proceeding of Elvira Pickett Ross. The United States Trustee filed his complaint on September 14, 2012 seeking a denial of discharge pursuant to 11 U.S.C. § 727(a)(2), (4)(A), and (5). The matter came before the court for trial on December 17, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J). In accordance with Fed. R. Bankr. P. 7052, the court's findings of facts and conclusions of law are

1

set forth in this memorandum.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FINDINGS OF FACT

Based on the record at trial, the court finds the following facts to be established:

On June 20, 2012, Elvira Pickett Ross ("Debtor" or "Defendant") filed a voluntary petition under chapter 7. Along with her petition, Debtor filed her schedules and statement of financial affairs. Along with the schedules, Debtor signed and filed a declaration under the penalty of perjury that she read the schedules and that they are true and correct to the best of her knowledge, information, and belief. The statement of financial affairs also contained a declaration under the penalty of perjury that Debtor read the answers contained in the statement of financial affairs and they are true and correct.

Schedule B lists personal property valued at $35,760. This figure includes two vehicles: a 2012 Hyundai Elantra, valued at $15,000.00, and a 2010 Lexus, valued at $20,000.00. Exclusive of the two vehicles, Debtor reports personal property valued at $760.00. Schedule F lists unsecured debts totaling $111,165.81. Included on Schedule F is a debt owed to Kay Jewelers in the amount of $6,000.00.

On July 31, 2012, the § 341 meeting of creditors was held. Defendant testified under oath that she had read all of her bankruptcy paperwork and that the information contained in the paperwork was accurate and complete. On September 6, 2012, the United States Trustee ("UST") conducted a Rule 2004 examination of Debtor to determine if there were grounds to object to the discharge of Debtor. Specifically, UST inquired about Debtor's credit card purchases, her debts, and disposition of property.

On September 14, 2012, UST filed his complaint seeking a denial of discharge pursuant to 11 U.S.C. § 727(a)(2), (4)(A), and (5). UST seeks denial of discharge under § 727(a)(4)(A) because Debtor made a false oath and statement under penalty of perjury when she stated both in declarations and at the § 341 meeting that she had read her schedules and statement of financial affairs, when, in fact, she had not. In the Rule 2004 examination, Debtor stated that she signed the papers as instructed and did not read the papers before signing them.

UST seeks a denial of discharge under § 727(a)(5) because Debtor has failed to explain satisfactorily a loss or deficiency of assets. Specifically, Debtor lists assets of only $760.00, excluding her real property and vehicles, and lists unsecured debt totaling $111,165.81. The lost assets were property purchased by Debtor with funds obtained from creditors listed in Schedule F. This property includes purchases made from Kay Jewelers in May and June 2012. At the § 341 meeting, Debtor claimed that she gave away the property purchased from Kay Jewelers. At the Rule 2004 examination, Debtor was unable to recall what she purchased from any of the creditors

2

on Schedule F, claims that she gave away whatever she purchased, and cannot specify to whom she gave the items.

Finally, UST seeks a denial of discharge under § 727(a)(2) because in May and June 2012 Debtor knowingly and fraudulently transferred property with the intent to hinder, delay, or defraud her creditors, including Kay Jewelers.

At the trial, Debtor's testimony was credible to the extent that the Court believes that Debtor believes her testimony. Debtor's demeanor at trial was confused and abrupt, which the Court attributes at least in part to Debtor's admitted mental illness and the medications taken for her illness. Debtor testified that she read her schedules and statement of financial affairs after filing bankruptcy, but not before signing and filing them. She also testified that she was heavily medicated on the day of the Rule 2004 examination, could not understand what she was asked, and was confused. In addition, Debtor also testified that she does not always understand what she does, but lets her mind tell her what to do.

In response to a question regarding her unsecured debts of over $100,000.00, Debtor testified that she gets depressed and when depressed she shops to feel better. She also testified that a substantial portion of her unsecured debt is from shopping when her mind tells her to shop due to depression, most of which occurred in 2011 and 2012. In addition, she testified that she gave away the majority of what she purchased to different people when these people asked her for help or because she was depressed. For the most part, Debtor could not recall what property she had given away and to whom she had given it. However, Debtor was able to recall that she had purchased a ring, watch, and lots of bracelets from Kay Jewelers, all of which she gave away and did not know to whom she gave it.

## CONCLUSIONS OF LAW

I. Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(5)

11 U.S.C. § 727(a)(5) provides that "[t]he court shall grant the debtor a discharge unless—the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." It is within the discretion of the court to determine if grounds exist to deny debtor's discharge. Forbes v. Dixon (In re Dixon), 884 F.2d 578 (6th Cir. 1989); *accord* Buckeye Retirement Co., LLC, Ltd. v. Hake (In re Hake), 387 B.R. 490, 512 (Bankr. N.D. Ohio 2008).

The plaintiff holds the initial burden to produce enough evidence to establish that a cause of action exists under § 727(a)(5). Dixon, 884 F.2d 578; *accord* Kovacs v. McVay (In re McVay), 363 B.R. 824, 831 (Bankr. N.D. Ohio 2006). Specifically, plaintiff must establish that there exists a loss or deficiency of a prepetition asset that could have been used to pay creditors. Baker v. Reed (In re Reed), 310 B.R. 363, 369 (Bankr. N.D. Ohio 2004). To do so, plaintiff must show that "1) the debtor had a cognizable ownership interest in a specific fund(s) or identifiable piece of property; and (2) that such an interest existed at a time not too far removed from the

petition was filed." Reed, 310 B.R. at 369 (citing Manhattan Leasing Sys., Inc. v. Goblick (In re Goblick), 93 B.R. 771, 775 (Bankr. M.D. Fla. 1988)). Once plaintiff meets this burden, the burden shifts to the debtor to provide evidence that satisfactorily explains the loss of the asset. Id.; *accord* Dixon, 884 F.2d 578; McVay, 363 B.R. at 831. The applicable evidentiary standard is a preponderance of the evidence. McVay, 363 B.R. at 831.

Section 727(a)(5) does not require any mal intent or scienter and, rather, focuses on the satisfactory explanation of the debtor for the loss or diminution of assets. Id.; *accord* Reed, 310 B.R. at 369 (imposing strict liability for § 727(a)(5) with no element of wrongful intent or affirmative defenses). "The standard for a § 727(a)(5) satisfactory explanation 'is one that is reasonable under the circumstances'" with the capacity for verification by the trustee or creditor to properly investigate the circumstances surrounding the loss. Hake, 387 B.R. at 512 (quoting McVay, 363 B.R. at 831); *see also* Reed, 310 B.R. at 370 ("satisfactory explanation is one that gives more than mere vague or indefinite statement"). A satisfactory explanation will demonstrate that the debtor exhibited good faith in conducting her affairs and explaining the loss of the asset. Strzesynski v. Devaul (In re Devaul), 318 B.R. 824, 840 (Bankr. N.D. Ohio 2004).

UST has met his burden to produce enough evidence to establish that a cause of action exists under § 727(a)(5). UST established that Debtor's personal property, exclusive of her vehicles, is valued at just $760.00, while her unsecured debts total $111,165.81. These figures establish that there is more than $110,000.00 in liabilities for which Debtor has no corresponding asset. Further, UST established these assets existed at a time not too far removed from the petition date of June 20, 2012. Debtor's testimony indicated that a substantial portion of her unsecured debt was for the purchase of "stuff" which occurred during 2011 and 2012. UST established that Debtor purchased property and, based on the amount of her unsecured debt, Debtor's assets should total more than $760.00. Thus, Debtor has had a loss of assets.

Turning now to Debtor's explanation for the loss of assets, the Court finds that Debtor's explanation is not satisfactory. Debtor's only explanation for the loss of assets is that she was depressed and gave the property away to unknown persons. The question is whether Debtor's explanation was reasonable under the circumstances. The Court finds it was not reasonable. Debtor cannot identify what property she gave away and cannot identify even one person to whom she gave the property. Without providing these types of details, the trustee and creditors lack the ability to verify Debtor's explanation. Further, Debtor's unwillingness or inability to identify even one recipient of the property indicates a lack of good faith in explaining the loss of the property to the Court. Her explanation was overly vague, general, and uncorroborated and, thus, was unsatisfactory.

The Court recognizes that Debtor's mental illness and the medications that she takes may be at least partially to blame for Debtor's inability to provide a satisfactory explanation. The Sixth Circuit has found that chemical dependency does not satisfactorily explain a deficiency of assets. Dolin v. N. Petrochemical Co., 799 F.2d 251, 253 (6th Cir. 1986). Mere incompetency due to mental illness alone is not sufficient to overcome Debtor's unsatisfactory explanation given the strict liability and lack of affirmative defenses of § 727(a)(5). Debtor provided no expert

4

testimony regarding her mental illness or the effects of her medications on her competency and provided no case law to support a defense of mental illness to overcome Debtor's unsatisfactory explanation. Absent more, the Court must conclude that Debtor's explanation was unsatisfactory.

Substantial thought and care could be given to consider standards of culpability in cases involving mental illness, but this is not the case. First, Debtor appears to be hopelessly uncollectible and likely to stay in such a status permanently. Thus, this case is already a pointless exercise. Second, the record was too poorly developed for any thoughtful explication of the law that would be anything other than artificially predetermined.

Accordingly, Debtor's discharge will be denied pursuant to 11 U.S.C. § 727(a)(5).

II. <u>Denial of Discharge Pursuant to 11 U.S.C. § 727(a)(2) and (4)(A)</u>

Having found a denial of discharge pursuant to 11 U.S.C. § 727(a)(5), the Court need not discuss denial of discharge pursuant to 11 U.S.C. § 727(a)(2) and (4)(A).

An order will be entered simultaneously with this opinion.

#     #     #

**Service List:**

Scott Belhorn
Office of the United States Trustee
Suite 441
H.M. Metzenbaum U.S. Courthouse
201 Superior Ave., East
Cleveland, Oh 44114

Gerald B Golub
1340 Market Ave North
Suite 1
Canton, OH 44714

Elvira Pickett Ross
1101 10th St. N.W.
Canton, Oh 44703

5

12-61738-rk    Doc 30    FILED 01/29/13    ENTERED 01/30/13 08:31:19    Page 5 of 5